# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40219
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

June 11, 2015

Lyle W. Cayce
Clerk

EMMITT DEWAYNE ATKINS,

Plaintiff-Appellant

v.

CORRECTION OFFICER JOSEPH BRADFORD, SERGEANT ELIAS YBARRA; LIEUTENANT WILLIAM JAMES; CAPTAIN JOE GONZALES, JR., NURSE LORIE HUDSON; DOCTOR WITT; LVN MS. PERALES, OFFICER GABRIEL GRANADOS, formerly known as Unknown Officer,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CV-331

Before JONES, BENAVIDES, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Emmitt Dewayne Atkins, Texas prisoner # 1666149, appeals the district court's judgment granting summary judgment in favor of the defendant prison officers and medical personnel and dismissing Atkins's 42 U.S.C. § 1983 complaint.  In the complaint, Atkins alleged a failure to protect him from

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40219

another prisoner who threw boiling water on Atkins and deliberate indifference to his medical needs.

As an initial matter, Atkins has not briefed any argument refuting the dismissal of his claim that Officer Gabriel Granados failed to protect him from the injuries he sustained as a result of the other inmate's conduct. Although we liberally construe the briefs of pro se appellants, arguments must be briefed to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Atkins has abandoned the failure-to-protect claim on appeal. Thus, the dismissal of that claim against Granados is affirmed.

Atkins contends that the district court erred in determining that the medical defendants did not act with deliberate indifference to his serious medical needs. Atkins asserts that because the defendants did not immediately transfer him to the hospital, they unconstitutionally delayed or denied him medical treatment.

We review a district court's ruling on summary judgment de novo, employing the same standard used by the district court. *McFaul v. Valenzuela*, 684 F.3d 564, 571 (5th Cir. 2012). A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

The defendants provided medical records showing that Licensed Vocational Nurse Perales examined Atkins's burns, including his eye injury, approximately forty-five minutes after the incident occurred and sought advice from the charge nurse and Dr. Whitt regarding the proper treatment to be administered. Nurse Perales followed the orders given by the doctor and scheduled a follow-up appointment for Atkins the following day. Nurse Practitioner Hudson examined Atkins the next day and increased the level of

treatment and pain medication in response to Atkins's condition at that time. Hudson scheduled an emergency ophthalmology appointment for the next day. The defendants also submitted the affidavit of Dr. Stephen Bowers, who reviewed the medical records, and determined that the care and medical treatment given by the medical defendants was appropriate and within the proper standard of care. Dr. Bowers determined that Atkins had not developed an infection at any time from his burns or any permanent eye damage and, thus, he did not suffer any additional scarring or damage as a result of not being sent immediately to the hospital.

Atkins did not present evidence showing that the medical defendants refused to treat him, ignored his complaints, or intentionally treated him incorrectly, or that the defendants' decision not to immediately transfer him to the hospital evinced a wanton disregard of Atkins's serious medical needs. *See Domino v. Texas Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001). Atkins's disagreement with the medical treatment he received and the defendants' conduct, even if the conduct amounted to negligence or malpractice, does not constitute deliberate indifference supporting an Eighth Amendment violation. *Gobert v. Calswell*, 463 F.3d 339, 346 (5th Cir. 2006).

Viewing the evidence in the light most favorable to Atkins, he has failed to identify a genuine dispute of material fact with regard to whether the medical defendants acted with deliberate indifference to his serious medical needs. *See Domino,* 239 F.3d at 756; FED. R. CIV. P. 56(a). Because the defendants did not violate Atkins's constitutional rights, the district court properly granted summary judgment. *Domino*, 239 F.3d at 755-56. The judgment is AFFIRMED.